UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Robert Lee Walsh, # 11826-171, | ) C/A No. 8:10-85-PMD-BHH |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Mildred L. Rivera, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court by Petitioner, a federal prison inmate at FCI-Estill, who is proceeding *pro se*.[1] Petitioner is serving a 190-month sentence after pleading guilty in this Court in 2005 to charges of possession of stolen firearms and felon in possession of firearms. Petitioner contends that he received an inappropriately enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and the Federal Sentencing Guidelines § 4B1.1 (USSG) because he was convicted and sentenced "absent the mandatory three previous convictions for a 'violent' felony or serious drug offense, or both, committed on occasions different from one another." (Pet. 3). Petitioner cites to *United States v. Chambers*, 129 S. Ct. 687 (2009) and *United States v. Begay*, 553 U.S. 137 (2008), claiming that he is "actually innocent" of being an "armed career criminal"

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

based on language in *Chambers* and *Begay* about what constitutes "violent crimes" and/or "a crime of violence" for purposes of sentencing enhancement.[2] Petitioner seeks "reversal and remand for resentencing consistent with *Chambers* and *Begay* reflecting [a] 120 month sentence for § 922(g) without § 924(e)(1) enhancement bring inappropriately . . . applied. Specifically 70 month reduction that would be 120 month total sentence." (Pet. 5).[3] This

---

[2] Petitioner asserts that *Chambers* and *Begay* require the vacation and reconsideration of his sentence even though *Chambers* and *Begay* were decided more than three years after his conviction and have not been held by the United States Supreme Court or the Fourth Circuit Court of Appeals to have retroactive effect. *See United States v. Jones,* No. 6: 04-70-DCR, 6: 09-7082-DCR, 2010 U.S. Dist. LEXIS 160 (E.D. Ky. Jan. 4, 2010)(collecting cases); *United States v. Holt*, Nos. 09-cv-708-bbc, 05-cr-49-bbc, 2009 U.S. Dist. LEXIS 115242 (W.D. Wisc. Dec. 10, 2009)(*Begay* addresses statutory interpretation and does not establish any new rule of constitutional law, and also may not be applied retroactively in a § 2255 motion to collaterally attack a three year-old sentence). Other courts reaching a similar conclusion include *Sun Bear v. United States*, No. CIV 08-3021, CR 01-30051, 2009 U.S. Dist. LEXIS 60188 (D. S.D., July 9, 2009) (*Begay* not retroactively applicable under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)); *United States v. Johnson*, No. 04-269 (MJD/AJB), 2009 U.S. Dist. LEXIS 74946 (D. Minn., Aug. 24, 2009); *Lindsey v. United States*, No. 09-0249-CV-W-ODS, 06-00340-01-CR-W-ODS, 2009 U.S. Dist. LEXIS 65621 (W.D. Mo., July 29, 2009); *United States v. Campbell*, Cr. No. 6:06-812-HMH, 2009 U.S. Dist. LEXIS 37542 (D.S.C., May 1, 2009); and *United States v. Sanchez-Narvaez*, No. 3:08-CR-330-NC10, 2009 U.S. Dist. LEXIS 44089 (W. D. Wis., May 26, 2009) (*Begay* and *Chambers* are not retroactive). Courts reaching a contrary conclusion and finding that *Begay* constitutes a new substantive rule which applies retroactively include: *United States v. Leonard*, No. 06-CR-0049-CVE, 08-CV-0389-CVE-FHM, 2009 U.S. Dist. LEXIS 15957 (N.D. Okla., Feb. 27, 2009); *United States v. McElroy*, No. 06-CR-0147-CVE (09-CV-0040-CVE-PJC), 2009 U.S. Dist. LEXIS 42059 (N.D. Okla., May 14, 2009); *George v. United States*, 650 F. Supp. 2d 1196 (M.D. Fla. 2009); and *United States v. Blue*, Crim. No. 03-10058, Civ. No. 09-1108, 2009 U.S. Dist. LEXIS 74331 (D. Kan., Aug. 20, 2009). There does not appear to be any binding authority from the Fourth Circuit Court of Appeals or United States Supreme Court addressing the retroactivity issue.

[3] Petitioner, in the alternative, "seeks relief by § 2241(c)(3) or § 1651 'writ of error coram nobis'" (Pet. 1) and alleges that he is "entitled to seek a writ of error coram nobis and/or a writ of audita querela." (Pet 11, 14). The writ of *coram nobis* has been abolished in federal *civil* practice. *See* Rule 60(b) of the Federal Rules of Civil Procedure. Although some federal courts have ruled that petitions for writs of *coram*

action should be summarily dismissed because it is clear from the Petition, with attachments and supplementary pleading, that the relief requested by Petitioner is not available pursuant to 28 U.S.C. § 2241.

**Background**

Petitioner entered a guilty plea in this Court on January 6, 2005 to an indictment charging him with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e), and being in possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Petitioner was sentenced, on June 6, 2005, to a term of imprisonment of 190 months, pursuant to 18 U.S.C. § 924(e)(1). Petitioner did not file a direct appeal. On May 23, 2006, Petitioner filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence based on his claim that this Court's sentencing of him as an armed career criminal - without his admitting or a jury finding that he had three prior violent felony convictions - was a violation of his Fifth and Sixth Amendment rights. This Court granted the Government's motion for summary judgment and denied Petitioner's § 2255 motion on September 13, 2006. Petitioner appealed that decision, but

---

*nobis* may still be heard, petitioners in such cases must have completed their federal sentence(s) or extraordinary circumstances must exist. *See United States v. Hansen*, 906 F. Supp. 688 (D. D.C. 1995); *United States v. Mandel*, 672 F. Supp. 864 (D. Md. 1987). No extraordinary circumstances exist for Petitioner in this case. Similarly, the reference in the Petition to the alternative relief of a Writ of *Audita Querela* does not entitle Petitioner to such relief. *See Brackett v. United States*, 206 F. Supp.2d 183, 186-87 (D. Mass. 2002)(denying federal prisoner's motion for writ of *coram nobis* and motion for writ of *audita querela*: "As Section 2255 would be competent to redress Brackett's grievances had he met its time limits, the Court lacks the power to issue either the writ of error *coram nobis* or *audita querela*."); *see also* Fed. R. Civ. P. 60(b)("Writs of *coram nobis*, *coram vobis*, *audita querela*, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.").

3

the Fourth Circuit denied Petitioner a certificate of appealability and dismissed Petitioner's appeal, on June 19, 2007. (No. 06-7922). After the *Begay* opinion issued, Petitioner filed a motion in the Fourth Circuit, pursuant to 28 U.S.C. § 2244, seeking an order authorizing this Court to consider a second application for relief under § 2255. The Fourth Circuit denied Petitioner's motion on November 25, 2009. (No. 09-293).[4]

Petitioner asserts that he "does not seek collateral review of the § 922(g) offense in which he concedes, but only the § 924(e)(1) § 4B1.4 enhancement." (Pet. 15). The Petition makes no similar specific concession of the validity of his conviction under § 922(j), but alleges only that Petitioner "has been unlawfully convicted of § 924(e)(1)." (Pet. 3). It is clear from the Petition that Petitioner does not contend that he is innocent of the underlying federal convictions for firearms violations. Nor does Petitioner claim that he is innocent of the prior state convictions on which his enhanced federal sentence was based. Rather, Petitioner alleges that he is "actually innocent" of being an "armed career criminal" because he does not have three prior convictions that meet the current standard for a "violent crime" and/or ""crime of violence" under the ACCA.

Petitioner alleges that only one of his prior state convictions constitutes a violent felony, presumably his November 8, 1987 plea of guilty to burglary second degree, although he does not specify which one. (Pet. 3, 9, 17). Petitioner bases this contention on what he characterizes as "newly discovered evidence" (Pet. 9), *i.e.* sentence

---

[4] Further details are found in Petitioner's criminal case, C/A No. 2:04-cr-752-PMD-1 (D.S.C.) and his previous § 2254 case, C/A No. 2:06-cv-1576-PMD (D.S.C.). *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

4

commitment documents from various South Carolina courts, which he recently obtained, and records of the South Carolina Department of Corrections (Pet. 3, 28-49), which, he claims, show that all of his other prior convictions are for "non-violent" offenses. Petitioner fails to note that such designations of "violent" and/or "nonviolent" offenses for purposes of sentencing in state courts or classifying inmates in state correctional facilities do not have the same meaning as the terms "violent offenses" and/or "crimes of violence" in the ACCA as it is interpreted by the United States Supreme Court.

Petitioner alleges that § 2255 is inadequate and ineffective to test the legality of his detention, and that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the gatekeeping provision of § 2255 are unconstitutional in that they are "precluding him from successive filings, resulting in the courts never reaching the merits of his claim of 'actual innocence' and 'newly' discovered evidence." (Pet. 9).

Petitioner cites to *Johnson v. United States,* No. 08-6925, 2010 U.S. LEXIS 2201 (U.S. Sup. Ct. March 2, 2010),[5] *Chambers v. United States*, 129 S. Ct. 687, 2009 U.S. LEXIS 580 (2009), and *Begay v. United States*, 553 U.S. 137 (2008) to support his claim, contending that this § 2241 petition is filed pursuant to a new rule of constitutional law (i.e the holdings in *Chambers* and *Begay*) which Petitioner asserts were made retroactive to cases on collateral review by *George v. United States*, 650 F. Supp. 2d 1196 (M.D. Fl. 2009). *But see King v. United States*, No. 09-20975-CV, 2010 U.S. Dist. LEXIS 7402 (S.D. Fl. Jan.12, 2010); *United States v. Campbell*, No. 6:06-812-HMH, 2009 U.S. Dist. LEXIS

---

[5] Petitioner filed a "Motion to Amend" his cause of action, on March 17, 2010, pursuant to *Johnson's* holding, which has been construed as a supplementary pleading and considered as part of the Petition under review.

37542 (D.S.C. May 1, 2009)("The United States Supreme Court has not made *Begay* retroactive to cases on collateral review.").

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of Petitioner's *pro se* Petition filed in this case. This review has been conducted pursuant to the procedural provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This Court is charged with screening Petitioner's Petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5,9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. Nevertheless, the requirement of liberal

6

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387(4th Cir. 1990).[6] Even under this less stringent standard, the Petition filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.

## **Discussion**

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claims are cognizable only through a direct appeal and/or under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. By filing this § 2241 Petition and claiming "actual innocence," Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of the statutes' gatekeeping mechanisms should not be allowed.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus

---

[6] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See York v. Huerta-Garcia*, 36 F. Supp. 2d 1231 (S.D. Cal. 1999)(Even in *pro se* context, the Plaintiff bears the burden of pleading sufficient facts to state a claim.)

pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under §

8

2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about the propriety of the sentencing enhancement he received clearly go to the underlying validity of his sentence rather than to the manner of execution of the sentence. As Petitioner obviously understands, such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial,* 115 F.3d 1192 (4th Cir. 1977); *see also Ward v. Snyder*, 238 F.3d 426 (6th Cir. 2000)(unpublished opinion); *Tanksley v. Warden*, 229 F.3d 1154 (6th Cir. 2000)(unpublished opinion); *Gonzales v. Snyder*, 221 F.3d 1342 (8th Cir. 2000)(same); *Elzie v. Pugh*, 194 F.3d 1320 (10th Cir.1999)(same); *Onaghise v. Bailey*, 188 F.3d 514 (9th Cir. 1999)(same). Accordingly, Petitioner asserts that the § 2255 remedy is inadequate and ineffective because his challenge is not only jurisdictional or constitutional in nature, but, is based on the sentencing court's factually erroneous adoption of the presentence report (PSR) in his case and the improper application of the ACCA and the USSG. (Pet. 22). Petitioner argues that, although his circumstances are the same as the prisoners' in *Chambers* and *Begay,* because both of those cases were decided after his first § 2255 motion was denied, Petitioner "cannot access a forum for collateral review" of his similar "actual innocence" claim. (Pet. 16). Thus, Petitioner alleges that serious questions as to the constitutionality of § 2255 are raised by his case.

Petitioner cites to *Triestman v. United States,* 124 F.3d 361 (2nd Cir 1997), which involved a claim of actual innocence in the context of new law that made conduct on which a conviction was based no longer criminal. He claims that, like the prisoner in *Treistman*, he could not have effectively raised his claim of innocence at an earlier time and had no access to judicial review of his conviction because the new law was unavailable to him at the time he filed his first § 2255 motion. This Court is not bound by the Second Circuit decision in *Treistman* and Petitioner does not cite to the on-point and binding, relevant Fourth Circuit case of *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000). In *Jones*, the Fourth Circuit held that a petitioner seeking to file a second or successive motion to vacate based on "new" law decided after entry of a conviction and sentence must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that *the conduct of which the prisoner was convicted* is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." (emphasis added). The *Jones* court found that, if the circumstances in which a petitioner finds himself satisfy all three prongs of the test, resort may be had to § 2241 to raise a claim of actual innocence because the § 2255 remedy would be deemed inadequate or ineffective. *In re Jones*, 226 F.3d at 334.

Petitioner's failure to cite the highly relevant *In re Jones* opinion is understandable because the test established in that case has been specifically construed in this District in cases involving § 2241 petitions to find that claims of actual

10

innocence of an enhanced sentence - as opposed to actual innocence of the underlying criminal conviction - are not properly raised via § 2241. *See Chestnut v. Mitchell,* No. 9:09-3158-RBH-BM, 2009 U.S. Dist. LEXIS 124975 (D.S.C. Dec. 21, 2009); *Evans v. Rivera*, No. 0:09-1153-JFA-PJG, 2009 U.S. Dist. LEXIS 63519 (D.S.C. July 23, 2009); *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655 ( D.S.C. Apr. 7, 2009). In the *Brown* case, the Court rejected the petitioner's purported actual innocence claim raised under § 2241, finding that the second prong of the *Jones* test was not met because it requires that "the substantive law changed such that the conduct of which the prisoner was **convicted** is deemed not to be criminal," whereas the petitioner was attempting to assert innocence of his enhanced sentence, not his conviction, based on the recent law change. Thus, it could not be said that under the circumstances presented the § 2255 remedy was inadequate or ineffective. The petitioner in *Brown* was told that his sentencing-based claim should be raised via § 2255, if at all, and that since he had already filed one unsuccessful § 2255 motion, he would be required to seek leave from the Fourth Circuit before filing a successive § 2255 petition in this Court in order to properly raise his sentencing claim. *See United States v. Poole*, 531 F.3d 263-67 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has not extended the reach of the savings clause to petitioners challenging only their sentence.")(*citing In re Jones*); *Williams v. Stansbury,* No. 2:09cv414, 2009 U.S. Dist. LEXIS 14364 (E.D. Va. Feb. 18, 2010)(same).

Despite his protestations otherwise, Petitioner was not precluded from asserting his sentencing claim under § 2255. Just because this Court denied his initial § 2255

11

motion and the Fourth Circuit denied a certificate of appealability and dismissed his appeal, he cannot say that the § 2255 remedy is/was inadequate or ineffective. It is well settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001)(collecting cases). Accordingly, because he cannot satisfy the *In re Jones* test or show any other exceptional reason for resort to § 2241 to raise a sentencing-error issue, it is clear in this case that Petitioner cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate. Thus, he may not bring his *Chambers* and *Begay*-based "actual innocence" claim under § 2241. This determination is further supported by several federal cases from other districts within the Fourth Circuit and from outside this circuit, which have considered closely similar allegations from other prisoners seeking to use *Begay* to collaterally attack sentences imposed prior to the issuance of that opinion. Each of the following cases has rejected such claims and has refused to permit the use of § 2241 for consideration of the propriety of sentences. *See, e.g.*, *Mackey v. United States*, Nos. 08-23431-CIV, 03-20715-CR, 2009 U.S. Dist. LEXIS 67532 (S.D. Fla. Aug. 4, 2009)(because *Begay* addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of the petitioner's activities, it cannot be a basis for an argument that the § 2255 remedy is inadequate or ineffective;

12

§ 2241 cannot be used to raise a *Begay* claim); *Harvey v. Sherrod*, NO. 08-CV-613-DRH, 2009 U.S. Dist. LEXIS 64514 (S.D. Ill. Jul 27, 2009)(no "actual innocence" § 2241 claim under *Begay*; opinion only one of "statutory construction," not a new constitutional rule and § 2255 not ineffective or inadequate); *James v. Stansberry,* No. 08-512, 2009 U.S. Dist. LEXIS 9760, (E.D. Va. Feb. 9, 2009)(§ 2241 actual innocence claim under *Begay* is really a successive § 2255 motion; no § 2241 jurisdiction), *aff'd*, 342 Fed. Appx. 865 (4th Cir. 2009), *cert. denied* 2010 U.S. LEXIS 1160 (U.S. Feb. 22, 2010).

Finally, even if Petitioner's "inadequate/ineffective" argument had merit and permitted Petitioner to raise his sentencing claim in a § 2241 petition pursuant to the § 2255 savings clause, his claim that he "was/is actually innocent" of the enhanced sentence he received because one or more of the predicate convictions used to support his sentencing enhancement can no longer be considered "violent" under *Johnson's, Chamber's* and *Begay*'s definition does not require this Court to consider the merits of his Petition. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. U. S.*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.,* where the time limitations for filing an initial § 2255 motion have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motion(s) they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise

13

the issues previously, he or she can still possibly obtain review of his or her additional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. "Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

Petitioner's current actual innocence claim is facially inadequate to require consideration because, although he alleges that there is new, reliable evidence attached to his Petition that was not presented in any of his prior court proceedings which supports his innocence of "violence" or "violent behavior" in connection with the criminal convictions that were used to enhance his sentence, such evidence does not meet the requirements established by *Schlup v. Delo*, 513 U.S. 298 (1995) to support an "actual innocence" claim. Under *Schlup*, to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Accord Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. U. S.*, 211 F.3d 1270 (6th Cir. 2000)(unpublished opinion)(bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). Petitioner does not claim that he is actually innocent of either the underlying firearm-related crimes to which he pled guilty or of the predicate crimes that were used to enhance his sentence; nor does he claim that *Johnson,*

14

*Chambers* or *Begay* made the conduct of his prior convictions no longer criminal. *Cf. In re Jones,* 226 F. 3d at 334 (*citing*, *inter alia*, *In re Dorsainville,* 119 F. 3d 245, 249-51 (3d Cir. 1997) to permit use of § 2241 to raise actual innocence claim where subsequent change in law made conduct no longer criminal). Instead, he claims only that he is "innocent" of his enhanced sentence because the predicate crimes used to support it can no longer be considered "violent" under the *Johnson*, *Chambers*, *Begay* standards. In sum, nothing in this case presents more than an allegation of actual innocence of an enhanced sentence - not of the underlying criminal conviction or even of the predicate crimes used for the sentencing - based on alleged inadequacy of the evidence relied on by the sentencing court to impose the sentence. There is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of any of Petitioner's criminal convictions. As a result, based on the case law cited above, the facial inadequacy of the Petition now under consideration requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie,* 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

### Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and

15

dismiss those actions that plainly lack merit without requesting an answer from the respondent); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

April 8, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).